Steadman v. Wal-Mart Stores, Inc.    CV-95-485-SD  07/16/96

UNITED STATES DISTRICT COURT FOR THE

                      DISTRICT OF NEW HAMPSHIRE


Constance Steadman


     v.                                    Civil No. 95-485-SD

Wal-Mart Stores, Inc.


                         O R D E R


     In this diversity action, plaintiff Constance Steadman
alleges defendant Wal-Mart Stores, Inc., breached its landowner's
duty of reasonable care in the maintenance and operation of its
premises when she slipped and fell in defendant's Plaistow, New
Hampshire, store.

     Presently before the court is defendant's motion for summary
judgment, to which plaintiff objects.


1.  Background

     Constance Steadman entered Wal-Mart's Plaistow store on the
morning of May 31, 1994, with the intention of purchasing a new
pair of shoes.  After selecting the pair she wanted and paying
for same, plaintiff decided to wear her new shoes out of the
store.  Donning her new footwear at the sales register, plaintiff

proceeded to exit the store, whereupon she slipped and fell to the ground, injuring her left knee.

## 2. Discussion

The entry of summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed. R. Civ. P. Thus, the role of summary judgment among the array of pretrial devices is to "pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required." Wynne v. Tufts Univ. Sch. of Med., 976 F.2d 791, 794 (1st Cir. 1992), cert. denied, 507 U.S. 1030 (1993).

Among the guidelines to be followed by the court in assaying the summary judgment record is "to interpret the record in the light most hospitable to the nonmoving party, reconciling all competing inferences in that party's favor." McIntosh v. Antonino, 71 F.3d 29, 33 (1st Cir. 1995) (citation omitted). "Nonetheless, a party contesting summary judgment must offer the court more than posturing and conclusory rhetoric." Id. (citations omitted).

2

"Moreover, summary judgment may be appropriate . . . 'if the non-moving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation.'" Woods v. Friction Materials, Inc., 30 F.3d 255, 259 (1st Cir. 1994) (quoting Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990)).

In support of its position that no genuine issue of material facts exists, thus rendering trial unnecessary, defendant submits the affidavits of two Wal-Mart employees, Harriet Gilbert and Michael Kirkpatrick, as well as excerpts of the plaintiff's deposition transcript. Harriet Gilbert, then Customer Service Manager of the Plaistow store, avers,

> Shortly after the accident, I examined the area of the floor where I saw the plaintiff fall. I also felt the floor with my hand. The floor was not slippery and did not appear to be in any way unusual. I also felt the skid mark which was on the floor following the accident. It did not feel rough or textured in any way but simply seemed to leave a mark on the floor.

Affidavit of Harriet Gilbert ¶ 4 (attached to Defendant's Motion for Summary Judgment). Similarly, Michael Kirkpatrick, then co-manager of the Plaistow store, avers,

> Plaintiff showed me the place where she had fallen and the two of us observed it together. I noticed that there was a reddish scuff mark on the floor but the floor appeared to me to be otherwise dry and clear of any debris or any foreign substance and it did not look or feel slippery.

3

Affidavit of Michael Kirkpatrick ¶ 2 (addendum to Defendant's Motion).

However, plaintiff avers,

> While talking with the store manager, Mike, after I fell in the Wal-mart store on May 31, 1994, I observed a foreign substance on the floor from where I was sitting on a bench close by.
> The foreign substance, which I believe was gum, was dark pink in color and appeared to be covered with dirt.

Affidavit of Constance Steadman ¶¶ 2-3 (attached to Plaintiff's Objection). Moreover, during her deposition, plaintiff recalled the following course of events subsequent to her fall:

> And Mike, the store manager at that time, and another male employee came, and they helped me up. Mike pulled over a bench and Mike helped me on the bench because I was unable to stand by myself because of the pain, and Mike was asking me what happened. I said, "I don't know. I slipped." And he saw the substance on the floor and he says -- he said, "Where did that come from?" I said, "I don't know." We were looking. And I just -- and he was over there and he was scraping the pink substance and he says -- he says, "It looks like gum."

Steadman Deposition at 19 (attached to both Defendant's Motion and Plaintiff's Objection).

The court herewith finds and rules that the evidence now before it raises a genuine issue of material fact regarding the cause of plaintiff's fall and the condition of defendant's premises which is best reserved for determination by the jury in a trial on the merits. Defendant's motion for summary judgment

4

must be and accordingly herewith is denied.


4.  Conclusion

     For the reasons set forth herein, defendant's motion for summary judgment (document 7) is herewith denied, there existing material factual issues to be determined by a jury at trial.

     SO ORDERED.


                                    _____
                                    Shane Devine, Senior Judge
                                    United States District Court

July 16, 1996

cc:  Douglas A. MacMillan, Esq.
     Craig L. Staples, Esq.